U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 06 2017

TONY R. MOORE  CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELMER SMITH | CIVIL ACTION NO. 16-CV-01545 |
| VERSUS | CHIEF JUDGE DRELL |
| MARQUETTE TRANSPORTATION CO., L.L.C., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendant Marquette Transportation Company, L.L.C. Marquette premises federal jurisdiction on Plaintiff Smith's general maritime claims, 28 U.S.C. § 1333. Marquette alleges, in the alternative, that this Court has diversity jurisdiction.

Third party defendant Upriver Boat Supply, L.L.C. filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 17), arguing Marquette cannot convert Smith's case to one in admiralty. Upriver contends Smith filed this action in state court pursuant to the Saving to Suitors Clause, 28 U.S.C. § 1333(a). The federal question jurisdiction issue will be resolved pursuant to the Motion to Dismiss (Doc. 17) pending before the Court.

There is also an issue as to whether the Court has jurisdiction under the diversity statute. The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states

than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988).

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." Id. at 506-07.

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp., 757 F.3d 481, 483 (5th Cir. 2014). The citizenship of an LLC is determined by the citizenship of all its members/owners. Harvey, 542 F.3d at 1079-80.

Plaintiff Elmer Smith is a citizen of Louisiana (Doc. 1).

Defendant Marquette Transportation Company, L.L.C. alleges that it is a Delaware limited liability company (Doc. 1). However, the members/owners of

Marquette Transportation Company, L.L.C. are not identified and their citizenship is not alleged.

After the case was removed, Upriver Boat Supply, L.L.C. was added as a third party defendant (Doc. 7). The members/owners of Upriver Boat Supply, L.L.C. are not identified and their citizenship is not alleged.

Therefore, diversity of citizenship is not clear from the pleadings. Accordingly,

The Clerk of Court is DIRECTED to serve a copy of this order upon all parties to this action IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, no later than **21 days** from service of this Order on Marquette Transportation, L.L.C., Marquette Transportation, L.L.C. SHALL FILE: (1) a Jurisdictional Memorandum setting forth the citizenship of all parties to this lawsuit, and the state of citizenship of each member as of the date of removal; and (2) a motion under for leave to amend the jurisdictional allegations of the notice of removal 28 U.S.C. § 1653 to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED Elmer Smith and Upriver Boat Supply, L.L.C. will be allowed **seven days** from receipt of Marquette Transportation, L.L.C.'s memorandum regarding diversity jurisdiction to file a response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 6th day of April 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

3