UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ELMER SMITH | CIVIL ACTION NO. 1:16- CV-01545 |
| VERSUS | CHIEF JUDGE DRELL |
| MARQUETTE TRANSPORTATION COMPANY, L.L.C., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss a third party complaint filed by third-party defendant Upriver Boat Supply, L.L.C. (Doc. 17) and a Motion to Remand filed by plaintiff Elmer Smith (Doc. 43). It is recommended that the Motion to Remand be granted and the Motion to Dismiss be denied as moot.

### I. Background

Plaintiff Elmer Smith ("Smith") was employed by Upriver Boat Supply, L.L.C. ("Upriver") as a boat pilot, to operate a supply vessel, transporting goods to other vessels and barges passing through Vidalia, Louisiana on the Mississippi River. On October 8, 2014, Plaintiff was allegedly injured in the process of delivering goods to a vessel owned by Defendant Marquette Transportation Company ("Marquette"). Smith brought suit against Marquette for the alleged injury.

Smith filed a Petition For Damages in the Louisiana Seventh Judicial District Court in Concordia Parish, claiming jurisdiction solely under the "saving to suitors"

1

clause of 28 U.S.C. § 1333(1) (Doc. 17-4, pg. 1 ¶ 3). Thereafter, Marquette removed the complaint, premising federal jurisdiction on diversity and general maritime jurisdiction under 28 U.S.C. §§ 1332 and 1333 (Doc. 1). Marquette then impleaded Upriver as a third party defendant pursuant to Fed. R. Civ P. 14(c) by invoking the maritime procedures specified in Fed. R. Civ. P. 9(h) (Doc. 7 pg. 5 ¶ 6). Subsequently, this Court ordered Defendant to supplement its Notice of Removal to show specifically the basis for the Court's diversity jurisdiction (Doc. 39). Defendant then conceded there is no diversity jurisdiction in this case (Doc. 40).

Upriver filed a motion to dismiss Marquette's third-party claim for lack of jurisdiction, alleging Marquette had unilaterally converted Smith's action into one pursuant to Fed. R. Civ. P. rule 9(h)[1] in order to implead Upriver pursuant to Fed. R. Civ. P. rule 14(c)[2] (Doc. 17). Smith filed a motion to dismiss for lack of jurisdiction over a maritime claim (Doc. 43).

---

[1] Rule 9(h) Admiralty or Maritime Claim:
    (1) How Designated. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

[2] Rule 14(c) Admiralty or Maritime Claim:
    (1) Scope of Impleader. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable--either to the plaintiff or to the third-party plaintiff--for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

II. Law and Analysis

A. Smith's Motion to Remand should be granted for lack of subject matter jurisdiction.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. See Scarlott v Nissan N. Am., Inc., 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. See St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Dir. 1998). Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. See Clark v. Tarrant County, 798 F.2d 736, 741 (5th Cir. 1986).

The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

Remand is required "[i]f at any time before final judgement it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). When a motion to remand is before the court, the removing party bears the burden of showing that removal was proper and that the federal court has jurisdiction over the action. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). Federal

removal statutes are to be narrowly construed due to significant federalism concerns. See Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). For this reason, all ambiguities are resolved against the existence of jurisdiction and in favor of remand. See Acuna v Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000), cert. den., 530 U.S. 1229 (2000). Before Congress's December 2011 amendment to 28 U.S.C. § 1441(b), "the general rule in the Fifth Circuit was that maritime claims were not removable absent a basis of jurisdiction outside admiralty." Boudreaux v Global Offshore Resources, LLC, 2015 WL 419002 (W.D. La. 2015); Tennessee Gas Pipeline v. Houston Cas. Ins. Co., 87 F.3d 150, 153 (5th Cir. 1996) (maritime claim is not removable under the first sentence of § 1441(b) by falling within the admiralty jurisdiction of the federal courts, but is removable when original jurisdiction is based on something other than admiralty); In re Dutile, 935 F.2d 61, 63 (5th Cir. 1991) (admiralty and maritime claims may be removed to federal court only by non-forum defendants and only where there is complete diversity of citizenship).

Since the 2011 amendment, the Fifth Circuit has only addressed the issue in dicta. See Barker v. Hercules Offshore, Inc., 713 F.3d 208, 223 (5th Cir. 2013) (referring to Dutile, "invoking admiralty jurisdiction under 28 U.S.C. § 1333 may require complete diversity prior to removal"). As a result, the district courts of the Fifth Circuit have been divided on this subject. "Courts in the Eastern and Western Districts of Louisiana and in the Southern and Eastern Districts of Texas have held that the 2011 amendments did not change the Fifth Circuit's longstanding rule that maritime claims are not removable absent a basis of jurisdiction outside of

4

admiralty." Boudreaux 2015 WL 419002 at *3.  This Court agrees with the reasoning of the other courts in the Western District of Louisiana.  See Boudreaux, Case. No. 6:14-2507, 2015 WL 419002 (Hill, M.J.); Serigny v. Chevron U.S.A., Inc., Case No. 1:14-cv-0598, 2014 WL 6982213, *3 (W.D. La. 2014) (Drell, J.); Harbor Docking & Towing, LLC v. Rolls Royce Marine North America, Inc., Case No. 2:14-cv-2487, 2014 WL 6608354, *3 (W.D. La. 2014) (Kay, M.J.); Porter v. Great Am. Ins. Co., Case No. 13-cv-3069, 2014 WL 3385148, *1 (W.D. La. 2014) (Walter, J); Gabriles v. Chevron USA., Inc., Case No. 2:14-cv-00669, 2014 WL 2567101, *4 (W.D. La. 2014) (Haik, J.).

Defendants argue that Plaintiff's motion to remand is untimely because it was filed beyond the 30 day period after filing their original Notice of Removal (filed on November 3, 2016).  Plaintiff filed his Motion to Remand (Doc. 43) within 30 days of Defendant's Amended Notice of Removal (Docs. 41, 46).

At least two courts within the Fifth Circuit have held that, when the Notice of Removal insufficiently alleges the citizenship of the removing defendants, the filing of the Amended Notice of Removal triggers a new 30–day period for raising the procedural defect of violation of the forum-defendant rule.  See Moore v. Miller, 2016 WL 447152, at *2 (M.D. La. 2016), adopting report and recommendation, 2016 WL 451353 (M.D. La. 2016); Brown v. Beamers Private Club, 2016 WL3360435, *6 (N.D. Tex. 2016), adopting report and recommendation, 2016 WL 3346085 (N.D. Tex. 2016); see also Williams v. Wal-Mart Stores, Inc., 534 F. Supp. 2d 1239, 1242 (M.D. Ala. 2008) ("Original and amended notices of removal constitute removal notices; with the filing of an amended removal notice, the 30-day period for filing a remand motion

5

should, in general, begin again."). Finding otherwise would allow (or even encourage) removing defendants to withhold proper allegations of their own citizenship until the 30–day period for raising procedural defects expired. Moore, 2016 WL 447152, at *4. As a matter of common sense, a Plaintiff (and the court) cannot know whether there is a valid basis for federal jurisdiction until the removing Defendant properly alleges the basis for jurisdiction. Therefore, an amended Notice of Removal should trigger a new 30–day period in which a Plaintiff can move to remand. "[I]f a removing defendant wanted the 30-day clock for the filing of a remand motion not to restart, the defendant should make sure that its original notice of removal is adequate and thus there would be no need to file an amended one." Williams, 534 F. Supp. 2d at 1242. Moreover, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See id. at 506-07.

As discussed above, absent another jurisdictional basis, this Court lacks subject matter jurisdiction over general maritime claims removed from state court. Smith's motion to remand (Doc. 43) should be granted.

B. Upriver's Motion to Dismiss should be denied as moot due to lack of subject matter jurisdiction.

Upriver filed a motion to dismiss Defendant Marquette's third-party claim for lack of jurisdiction or, alternatively, for failure to state a claim, pursuant to Fed. R. Civ. P. rules 9(h) and 14(c) (Doc. 17).

6

Since this Court does not have subject matter jurisdiction over this action, Upriver's motion to dismiss should be denied as moot.[3]

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's Motion to Remand for lack of subject matter jurisdiction (Doc. 43) be GRANTED.

IT IS FURTHER RECOMMENDED that Upriver Boat Supply's Motion to Dismiss (Doc.17) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ.

---

[3] In its third-party complaint, Marquette premised this Court's jurisdiction on 28 U.S.C. § 1333 (admiralty and maritime), and based its action against Upriver on Fed .R. Civ. P. rule 14(c). Therefore, Marquette's third party complaint is contingent upon this Court's jurisdiction, on some other ground, over Smith's maritime claim. See Fed. R. Civ. P. rule 9(h) ("If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground,…."). As previously found by this Court (Doc. 47) and discussed above, there is no diversity jurisdiction in this action.

P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __1st__ day of August, 2017.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE